John E. SULLIVAN; Peter G. Stewart; Raymond M. Durkin; Thomas P. Giblin; Grace Cunningham; Leonard M. Schneider, Appellants,

v.

SOVEREIGN BANCORP., INC., a Pennsylvania corporation; Sovereign Bank, F.S.B., a necessary party, Richard E. Mohn, individually; Jay S. Sidhu, individually.

No. 01–1470.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 11, 2002.

Opinion filed April 29, 2002.

Before: McKEE, FUENTES and POGUE, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Plaintiffs/appellants John Sullivan, Peter Stewart, Raymond Durkin, Thomas Giblin,

Grace Cunningham and Leonard Schneider, former directors of West Jersey Community Bank, appeal the decision of the district court granting judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) to defendants/appellees Sovereign Bancorp, Inc., Sovereign Bank, Richard Mohn, and Jay Sidhu. The plaintiffs claim that the defendants breached an oral promise pertaining to stock options offered to non-employee directors as part of a planned merger of Sovereign Bank and West Jersey Community Bank. For the reasons that follow, we will affirm.

## I.

Because we write only for the district court and the parties who are familiar with the circumstances underlying the instant appeal, we need not recite the factual or procedural background of this dispute except as may be necessary to our brief discussion.

■ The appellants are all residents of the State of New Jersey, and the appellees are residents of the Commonwealth of Pennsylvania. Compl. ¶¶ 7–9. Since appellants brought their claim in the District of New Jersey, the district court had to apply New Jersey choice of law principles to determine which forum's law would apply. See *Shuder v. McDonald's Corp.*, 859 F.2d 266, 269 (3d Cir.1988) (In a diversity action, "the choice of law rules of the forum state [determine] which state law will be applied.") (citing *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). In the Agreement and Plan of Merger (the "Agreement"), the parties agreed that Pennsylvania law would govern their contract. J.A. 83 (Agreement § 7.10). Such agreements are generally valid under New Jersey Law. See *General Motors Corp. v. New A.C. Chevorlet, Inc.*, 263 F.3d 296, 331 n. 21 (3d Cir.2001) (New Jersey gives

effect to contracting parties' private choice of law clauses unless they conflict with New Jersey public policy.) See also *Instructional Sys., Inc. v. Computer Curriculum Corp.*, 130 N.J. 324, 614 A.2d 124, 133 (1992).

The only exceptions to this rule include instances where: "(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of the applicable law in the absence of an effective choice of law by the parties." *Instructional Sys.*, 614 A.2d at 133 (quoting Restatement (Second) of Conflicts of Laws § 187 (1969)). None of the exceptions apply here.

Plaintiffs argue that the district court erred by relying on the terms of the Agreement rather than recognizing the import of a separate oral agreement that they contend was independent of the aforementioned choice of law provision. We have reviewed the thoughtful Memorandum Opinion the district court filed on January 19, 2001, and we agree with the choice of law analysis set forth therein. Therefore, we will affirm substantially for the reasons set forth in that Memorandum Opinion.

Moreover, to the extent plaintiffs raise tort claims, we note that their claims relate to tortious damages for breaches of alleged contractual duties. New Jersey law recognizes that tort claims for damages are precluded where the claim rests "solely on the failure to perform a term of the contract, not on carelessly performing the contract, or on violation of any legally-imposed notion of due care." *Coyle v.*

*Englander's,* 199 N.J.Super. 212, 219, 488 A.2d 1083 (1985). Therefore, although some of plaintiffs' claims sound in tort, they are actually contract claims. However, even assuming arguendo that these claims are tort claims, the district court correctly concluded that the breadth of the choice of law provision in the Agreement is "broad and all-encompassing." Dist. Ct. Op. at 14. Accordingly, it encompasses all tort claims that may arise from the Agreement, and the district court correctly applied Pennsylvania law to those claims as well. See *In re Allegheny Int'l. Inc.,* 954 F.2d 167, 178 (3d Cir.1992).

## II.

■ Appellants also argue that under Pennsylvania law, evidence of the conversations which took place at the two meetings prior to the signing of the Agreement is admissible to prove the various theories they present. We disagree.

Pennsylvania's parol evidence rule:

provides that where parties to an agreement commit their undertakings to a writing with the intention that it shall formally and comprehensively evidence the terms of their agreement, the writing, when executed by the parties, cannot thereafter be made subject to parol alteration, contradiction or variance by way of agreements or understandings had prior to or contemporaneously with the execution of the writing.

*In'l Milling Co. v. Hachmeister,* 380 Pa. 407, 414, 110 A.2d 186, 189–90 (1955). Absent fraud, accident, or mistake, evidence of a prior or contemporaneous agreement is not admissible to vary the terms of a written contract. *Id.*

As discussed above, the gravamen of appellants' argument is that the district court erred by failing to accept as true their allegations that the oral promises were wholly independent of the written Agreement. This argument is flawed. The district court was not required to accept this "fact" as true under Fed.R.Civ.P. 12(c) because it is a legal determination to be made by the court. Moreover, as the district court noted, "the subject matter of the alleged oral representations is the exact subject matter of the Agreement itself ..." Dist. Ct. Op. at 17. The written Agreement at issue here includes an integration clause. Moreover, the oral promises and the Agreement "relate to the same subject matter." Consequently, the parol evidence rule applies, and appellants are precluded from introducing evidence of prior oral promises that vary the terms of the fully integrated, written merger agreement. Appellants, nonetheless, argue that under Pennsylvania law, the Agreement is ambiguous and thus, parol evidence may be allowed to explain the ambiguities. See *State Highway and Bridge Auth. v. E.J. Albrecht Co.,* 59 Pa.Cmwlth. 246, 430 A.2d 328, 330 (1981). However, the ambiguity here only emerges when the record is viewed through the lens of the alleged oral representations. One clearly cannot rely upon inadmissible parol evidence to create an ambiguity that the oral statements then resolve. Such bootstrapping would be the exception that destroys the parol evidence rule.

In responding to this argument as well as others the district court correctly noted: "[plaintiffs] have nothing beyond their assertions to support their claims of defendants' oral representations." Dist. Ct. Op. at 26. We agree.

## III.

For the foregoing reasons, we will affirm the decision of the district court.